IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| KENNETH E. SAVAGE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 14-2057-STA-dkv |
| | ) |
| FEDERAL EXPRESS CORPORATION | ) |
| d/b/a FEDEX EXPRESS, | ) |
| FEDEX CORPORATION | ) |
| EMPLOYEES' PENSION PLAN, | ) |
| FEDEX CORPORATION | ) |
| RETIREMENT SAVINGS PLAN, | ) |
| | ) |
| Defendants. | ) |

ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER DENYING THE
MOTION TO EXTEND THE WRITTEN DISCOVERY DEADLINE

On May 21, 2015, the Chief United States Magistrate Judge entered an order denying Plaintiff's oral motion to extend the deadline for written discovery (ECF No. 68). Before the Court are Plaintiff Kenneth E. Savage's Objections to the Magistrate Judge's Order (ECF No. 78) filed on June 5, 2015.[1] Defendants have filed a response in opposition. For the reasons set forth below, the Magistrate Judge's Order is **AFFIRMED**.

## BACKGROUND

On May 21, 2015, the Chief Magistrate Judge held a hearing on a series of

---

[1] Plaintiff initially filed his objections (ECF No. 75) on June 3, 2015. The Clerk of Court terminated the filing because it was incorrectly docketed as a motion. Plaintiff re-filed his objections, and the briefing on the objections is now complete. The Court now reaches the merits of Plaintiff's objections.

1

discovery motions. During the course of the hearing, counsel for Plaintiff made an oral motion to extend the deadline for written discovery. The Chief Magistrate Judge denied the motion by written order (ECF No. 68) later the same day. Plaintiff's timely objections followed. According to Plaintiff, counsel for Plaintiff moved for an extension of the written discovery deadline for the purpose of propounding discovery on Defendants about a single comparator employee. Plaintiff states that the parties deposed Fed Ex's corporate representative on June 2, 2015. At the deposition, the witness referred to a chart of comparator employees who like Plaintiff had had their employment with Fed Ex terminated for violating the company's discount shipping policy. Pablo Melgar, a non-protected Fed Ex employee who violated the shipping policy but did not lose his job, did not appear on the chart. Plaintiff requests the opportunity to serve Defendants with written discovery about Melgar, even though the deadline for written discovery has already passed.[2]

Plaintiff argues that the Chief Magistrate Judge's order was clearly erroneous because the parties have pursued discovery diligently and the information Plaintiff now seeks through written discovery is relevant to his claims. Plaintiff thoroughly reviews the procedural history of the case and the parties' efforts to meet the deadlines set by the Court. For support Plaintiff cites the Sixth Circuit's decision in *Bobo v. United Parcel Service*, 665 F.3d 741 (6th Cir. 2012), a USERRA case where the Court of Appeals reversed the district court for failing to allow the plaintiff a sufficient opportunity to

---

[2] The Chief Magistrate Judge noted in her written order that the scheduling order deadline for completing written discovery had passed on December 19, 2014. Since that time the Court had granted the parties additional time to complete all discovery but without specifically extending the deadline for written discovery. The Chief Magistrate Judge noted that even giving Plaintiff the benefit of the extended period for completing all discovery, the discovery deadline in the case had passed.

2

obtain discovery, including a request for an extension of time to conduct 50 witness depositions. By contrast Plaintiff requests an opportunity to propound discovery only as to a single witness, Pablo Melgar. As such, the Chief Magistrate Judge's order is contrary to law and the Sixth Circuit's decision in *Bobo*.

Defendants have filed a response in opposition. Defendants argue that the Chief Magistrate Judge's order is sound because Plaintiff has been aware of Melgar from the outset of this case but failed to obtain formal discovery as to Melgar before now. Plaintiff listed Melgar in his Rule 26 initial disclosures and testified at his deposition that on the day he was fired, he called Melgar. Prior to filing suit, Plaintiff also sought Melgar's assistance in preparing an internal appeal of his termination. Defendants further argue that Plaintiff served a number of written discovery requests on Defendants during the regular written discovery period. None of Plaintiff's discovery requests sought information from Defendants regarding Melgar. After the close of the written discovery period, Plaintiff stated his intention to depose Melgar in March 2015. At the May 21, 2015 hearing, the Chief Magistrate Judge ordered that the parties conduct Melgar's deposition by June 10, 2015. Thereafter, Plaintiff caused a subpoena to issue as to Melgar and noticed Melgar's deposition for June 10, 2015. Then on June 5, 2015, counsel for Plaintiff cancelled the deposition unilaterally. Under the circumstances, Defendants argue that Plaintiff has not shown why the Chief Magistrate Judge's decision to deny an extension of the written discovery deadline simply to propound written discovery on Defendants about Melgar was clearly erroneous.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b), a district court shall apply a "clearly erroneous or

3

contrary to law" standard of review to orders on "nondispositive" preliminary matters and de novo review to reports and recommendations on dispositive matters.[3] Plaintiff's motion to modify the Rule 16(b) scheduling order is a non-dispositive matter subject to review under the clearly erroneous or contrary to law standard. Federal Rule Civil Procedure 72(a) states that a district judge "shall consider" objections to a magistrate judge's order on a non-dispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."[4] "The clearly erroneous standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient contrary to law standard."[5] "When examining legal conclusions under the contrary to law standard, the Court may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent."[6]

## **ANALYSIS**

The Court finds no error in the Chief Magistrate Judge's order denying Plaintiff's motion. As Plaintiff readily concedes, the parties have had several extensions of time to

---

[3] *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). *See also* 28 U.S.C. § 636(b)(1).

[4] Fed. R. Civ. P. 72(a); *Bell v. Int'l Broth. of Teamsters*, No. 96-3219, 1997 WL 103320, at*4 (6th Cir. Mar. 6, 1997).

[5] *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (quotation omitted).

[6] *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994) (internal quotation marks omitted)). *See also* 32 Am. Jur. 2d *Federal Courts* § 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure").

complete discovery in this case. Counsel's latest motion for extension was made orally at the May 21, 2015 hearing. Plaintiff has not elaborated in his objections what particulars counsel argued to the Chief Magistrate Judge in support of the oral motion and describes the oral motion in this way:

> At the hearing . . . , the undersigned informed the Court that Plaintiff intended to file a motion to extend the written discovery deadline to conduct discovery on one comparator, or employee believed to have committed a similar offense as Plaintiff but who was not terminated. The Court instructed Plaintiff *not to file* a motion; that the Court considered Plaintiff's request an oral motion and the Court would rule on it.

The objections do not specify whether counsel identified the single comparator for the Chief Magistrate Judge or explained why Plaintiff had not previously propounded the discovery on Defendants.

Plaintiff now identifies this single comparator employee as Pablo Melgar. The issue presented then is whether Plaintiff can show good cause to extend the written discovery deadline for the purpose of obtaining information from Defendants about Melgar. As in any case, the "primary measure" of Rule 16's good cause standard is Plaintiff's diligence, in this instance, in seeking written discovery from Defendants about Melgar within the case management deadline for written discovery.[7] According to his objections, "Plaintiff was not in a position to conduct follow-up written discovery regarding relevant comparators until after the deposition of Defendants' corporate representative [on June 2, 2015]" where the representative testified about employees

---

[7] *Smith v. Holston Medical Group, P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014) (*Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

similarly situated to Plaintiff but omitted Melgar from a table summarizing comparators.[8]

However, the record shows that Plaintiff knew Pablo Melgar was a possible comparator employee from the very beginning of the case. As Defendants have shown, Plaintiff listed Melgar in his initial disclosures, testified at his deposition about consulting Melgar before he ever filed suit, and even noticed a deposition with Melgar to occur after the Chief Magistrate Judge denied the motion to extend the written discovery deadline. While it may be that Plaintiff never propounded any written discovery on Defendants specifically inquiring about Melgar, Plaintiff obviously had ample opportunity to do so. Because Plaintiff knew well that Melgar was a potential comparator long before the deadline for written discovery had passed, Plaintiff has failed to establish that he acted diligently to obtain discovery about Melgar. Therefore, the Court holds that the Chief Magistrate Judge's order was not clearly erroneous or contrary to law.

The Sixth Circuit's decision in *Bobo* does not alter the Court's conclusion. Like the case at bar, *Bobo* involved a plaintiff's claim under USERRA. The plaintiff in *Bobo*

---

[8] Plaintiff's explanation of his oral motion it is not entirely clear to the Court. The objections seem to state that Plaintiff knew at the May 21, 2015 hearing that he needed additional discovery as to one comparator employee. But Plaintiff goes on to assert that he was only "in a position" to pursue additional discovery once Defendants' corporate representative testified and presented the table omitting Melgar at the June 5, 2015 deposition. Perhaps Plaintiff is stating that he could not formulate specific requests about Melgar until he conducted the deposition of the corporate representative. In any event, the Court finds it difficult to reconcile the two claims about Plaintiff's need for the discovery.

What is clear is that Plaintiff seeks an extension of the written discovery deadline only to seek written discovery from Defendants about Melgar. *See* Pl.'s Objs. to Mag. J.'s Order 7 ("Accordingly, Plaintiff respectfully objects to the magistrate judge's order and requests the Court give Plaintiff an opportunity to conduct additional written discovery regarding one comparator now that Defendants' corporate representative has been deposed on this topic.").

attempted to prove his claim with circumstantial evidence that the defendant-employer treated other similarly situated, non-protected employees more favorably. When the plaintiff had requested information about his proposed comparators, the defendant "refused to provide discovery on these individuals and instead provided discovery only on . . . a single comparator of its own choosing."[9] The magistrate judge denied plaintiff's motion to compel the discovery on the comparators as well as a motion to extend the discovery deadline so that the plaintiff could take a number of depositions. The defendant filed a Rule 56 motion, and the plaintiff responded with objections to the Magistrate Judge's discovery orders and a Rule 56(d) motion for additional discovery. The district court granted the defendant's motion for summary judgment without first ruling on the discovery issues.

"[T]roubled by both the procedural and substantive treatment of this case," the Sixth Circuit reversed, explaining that "an improper denial of discovery occurred" and that the discovery order on the plaintiff's motion to compel

> effectively blocked Bobo from obtaining relevant and potentially admissible evidence on a critical element of his case—evidence necessary to convince a jury that there were supervisors . . . who were similarly situated to Bobo in all relevant respects and yet received better treatment than Bobo because they did not take time off for military service or were of a different race.[10]

The Court of Appeals overturned the order denying the motion to compel discovery on the plaintiff's comparators and instructed the district court to consider on remand whether an extension of the discovery period was warranted for additional depositions.

---

[9] *Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 752 (6th Cir. 2012).

[10] *Id.* at 752-53.

7

The Court finds *Bobo* instructive but distinguishable. *Bobo* counsels that "[d]iscrimination cases frequently turn on whether the plaintiff can identify one or more comparators who are similarly situated in all relevant respects."[11] The Sixth Circuit was primarily concerned with the legal standard for determining whether two comparators are similarly situated and, by extension, whether evidence about a comparator was relevant and discoverable in proving a discrimination claim. The Court of Appeals concluded that "[t]he refusal of a defendant to disclose requested comparator information denies plaintiff the opportunity to determine whether the evidence actually reveals comparator status and different treatment, critical elements of the claim that the trier of fact must determine."[12] Clearly, the issue presented in *Bobo* was very different than the issue presented to the Chief Magistrate Judge. This is not a case where Defendants have refused to produce relevant information about possible comparators during discovery. The issue is simply whether Plaintiff can show good cause for an extension of the deadline for written discovery where the deadline has already passed. The Court finds that *Bobo* does not control.

For all of these reasons, Plaintiff's objections are overruled, and the Chief Magistrate Judge's order is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 15, 2015.

---

[11] *Id.* at 753.

[12] *Id.*