IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**KENNETH E. SAVAGE,**

    **Plaintiff,**

vs.                                            No. 2:14-cv-2057-STA-dkv

**FEDERAL EXPRESS CORPORATION, et al.,**

    **Defendants.**

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendants Federal Express Corporation, FedEx Corporation Employees' Pension Plan, and FedEx Corporation Retirement Savings Plan (collectively "FedEx") move for summary judgment as to all claims asserted in this lawsuit. Plaintiff Kenneth E. Savage asserts that his termination from FedEx was discriminatory and retaliatory in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). He also asserts that FedEx violated USERRA by miscalculating his retirement benefits.

FedEx is entitled to summary judgment as to Plaintiff's wrongful termination claims because Plaintiff cannot prove by a preponderance of the evidence that his military service or protected activity under USERRA was a substantial and motivating factor in the reason FedEx terminated his employment. First, there is not the sufficient temporal proximity between Plaintiff's military activity or protected activity and his termination. Second, there is no inconsistency with FedEx's proffered reason for Plaintiff's termination. Third, there is no

evidence of any hostility toward FedEx employees who are members of the military. Fourth, the relevant decision-maker did not know that Plaintiff served in the military or made any complaints about how FedEx treats employees in the military. And fifth, the record evidence reflects that Plaintiff was not disciplined more harshly than similarly-situated employees outside of his protected class.

FedEx is also entitled to summary judgment as to Plaintiff's wrongful termination claims because FedEx proves that it terminated Plaintiff's employment for a non-discriminatory and non-retaliatory valid reason. FedEx proffers the following evidence. First, Plaintiff was familiar with the FedEx policies he violated. Second, Plaintiff was not targeted because of his military service. Third, FedEx proves that it had a good faith belief that Plaintiff violated FedEx policies. Fourth, the decision-makers who decided Plaintiff should be terminated are within his protected class. Fifth, FedEx accommodated Plaintiff's military service and treated him favorably. And sixth, similarly-situated employees within Plaintiff's protected class remain employed by FedEx and receive annual wage increases and full benefits.

Finally, Plaintiff cannot prove that FedEx's articulated non-discriminatory and non-retaliatory valid reason for terminating his employment is a pretext for a USERRA violation.

FedEx is entitled to summary judgment as to Plaintiff's claim that FedEx miscalculated his retirement benefits because FedEx proves that his retirement benefits were calculated in accordance with USERRA's requirements prior to this lawsuit being filed. And, Plaintiff cannot demonstrate how FedEx miscalculated his benefits.

Finally, FedEx is entitled to summary judgment as to Plaintiff's claim for liquidated damages because Plaintiff has no evidence that FedEx's conduct rises to the threshold level of "willfulness" to entitle him to liquidated damages.

In support of FedEx's motion, FedEx simultaneously files and relies upon a Rule 56(c) Statement of Undisputed Material Facts, supporting Memorandum of Law, and the following Exhibits:

Exhibit A – Deposition excerpts from Kenneth Savage's deposition transcript (along with the attached deposition Exhibits 7, 9 and 10).

Exhibit B – Deposition excerpts of Thomas G. Lott's deposition transcript.

Exhibit C – Deposition excerpts of Sean Driver's deposition transcript.

Exhibit D – Deposition excerpts of Troy Turnipseed's deposition transcript.

Exhibit E – Deposition excerpts of Patricia Williams's deposition transcript.

Exhibit F – Deposition excerpts of Amy Hutchinson's deposition transcript.

Exhibit G – Declaration of Thomas Lott (along with the attached Exhibits 1, 2 and 3).

Exhibit H – Declaration of Patricia Williams.

Exhibit I – Declaration Maureen E. Patton.

Exhibit J – Declaration Troy Turnipseed

Exhibit K – Declaration of Matt C. Wickens

Exhibit L – Declaration of Amy Hutchinson (along with the attached Exhibits 1 and 2).

    Respectfully submitted,

    FEDERAL EXPRESS CORPORATION

    s/ Terrence O. Reed
    Terrence O. Reed (TN Bar #20952)
    Joseph B. Reafsynder (TN Bar #27482)
    Thomas W. Murrey, Jr. (TN Bar #11623)
    3620 Hacks Cross Road - Bldg. B, 3rd Floor
    Memphis, Tennessee  38125
    (901) 434-8375 Phone
    (901) 434-9278 Fax
    terrence.reed@fedex.com
    joseph.reafsnyder@fedex.com
    twmurrey@fedex.com

    ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 5th day of August, 2015, filed the foregoing document with the Clerk of Court via the Court's CM/ECF system, which will send an electronic service copy to the following:

> Joseph A. Napiltonia, Esq.
> 219 Third Avenue North
> Franklin, Tennessee 37064
> Telephone: (615) 734-1199
> Facsimile:  (615) 534-4141
> joenap@navyseallawyer.com

>                s/ Terrence O. Reed                 \_\_\_\_\_
>                Terrence O. Reed