THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TENNESSEE

---

KENNETH E. SAVAGE, JR.,

    PLAINTIFF,

VS.               NO. 2:14-cv-02057-STA-dkv

FEDERAL EXPRESS CORPORATION,
D/B/A FEDEX EXPRESS, FEDEX
CORPORATION EMPLOYEES' PENSION
PLAN, FEDEX CORPORATION RETIREMENT
SAVINGS PLAN,

    DEFENDANTS.

---

VIDEO DEPOSITION

OF

JASON JACKSON

JULY 29, 2015

TAMMY WENDEL, LCR, CCR
4735 Beech Bluff Road
Beech Bluff, Tennessee 38313
(C) 731-935-9960   (O) 731-935-0094
wendel.reporting@gmail.com

Exhibit B

1  The video deposition of JASON JACKSON
2  is taken on this, the 29th day of July, 2015,
3  on behalf of the Plaintiff, pursuant to notice
4  and consent of counsel, beginning at
5  approximately 9:09 a.m. at FedEx World
6  Headquarters, 3620 Hacks Cross Road, Building
7  B, Memphis, Tennessee.
8  This video deposition is taken
9  pursuant to the terms and provisions of the
10 Tennessee Rules of Civil Procedure.
11 All forms and formalities, including
12 the signature of the witness, are waived, and
13 objections alone as to matters of competency,
14 irrelevancy and immateriality of the testimony
15 are reserved to be presented and disposed of at
16 or before the hearing.
17
18
19
20
21
22
23
24

```
 1                    A P P E A R A N C E S

 2

 3   ON BEHALF OF THE PLAINTIFF:

 4        JOSEPH NAPILTONIA
          ATTORNEY AT LAW
 5        22515 BANISTER
          SAN ANTONIO, TEXAS   78259
 6        615.336.6882

 7

 8   ON BEHALF OF THE DEFENDANTS:

 9        TERRENCE O. REED
          FEDEX EXPRESS
10        SENIOR COUNSEL-EMPLOYMENT LITIGATION
          3620 HACKS CROSS ROAD
11        BUILDING B, SECOND FLOOR
          MEMPHIS, TENNESSEE   38125
12        901.434.8603

13

14   ON BEHALF OF MERCER:

15        JORDAN H. ROSENFELD
          SENIOR LITIGATION COUNSEL
16        1166 AVENUE OF THE AMERICAS
          NEW YORK, NEW YORK   10036
17        212.345.3389

18

19

20

21

22

23

24
```

```
 1                    I N D E X

 2
     Direct Examination
 3      By Mr. Napiltonia............................7

 4

 5

 6
                      E X H I B I T S
 7
                                                   PAGE
 8
     Exhibit 1  Savage Pension Benefit
 9              May 31, 2008
                (Bates 0002-0003)..................39
10
     Exhibit 2  Savage Pension Calculation
11              July 5, 2013
                (Bates 0004).......................40
12
     Exhibit 3  Savage Pension Benefit &
13              Calculation - May 31, 2008
                (Bates 0055-0056 and
14              (Bates 0016-0024).................48

15   Exhibit 4  Savage Benefit Service
                Calculations
16              From June 1, 2001
                (Bates 0261)......................101
17
     Exhibit 5  Savage Express Earnings
18              Used In Calculation
                (Bates 0262)......................102
19
     Exhibit 6  Savage Pension Calculation
20   (Coll)     With History As Of
                May 29, 2013
21              (Bates 0252-0263).................102

22   Exhibit 7  Savage Certified Accrued
     (Coll)     Pension Benefit As Of
23              May 31, 2008
                (Bates 0751-0752).................102
24
```

```
                                                           PAGE

Exhibit 8    Savage Pension Calculation
(Coll)       With History As Of
             October 4, 2013
             (Bates 0661-0670)................102

Exhibit 9    Amy Hutchison E-Mail To
             Lynn Wigginton & Renee Mehmed
             May 29, 2013
             (Bates 0735).....................103

Exhibit 10   E-Mail Correspondences:
(Coll)       Krishna Shukla, Amy Hutchison
             Lynn Wigginton, Jason Jackson
             And Letter From Arris Murphy
             To Wendy Harrison
             (Bates 1030-1038)................103

Exhibit 11   FedEx Your Retirement Benefits
             (YRB) January 2014
             (Not Bates Labeled)..............146

Exhibit 12   FedEx Report of PPA Benefit
             Estimate of Normal Retirement
             For Kenneth Savage
             (Bates 0743-0864)................155

Exhibit 13   Letter & Exhibits From FedEx
             To Kenneth Savage
             January 3, 2013
             (Bates 0725-0732)................155

Exhibit 14   Hours History For Kenneth
             Savage
             (Bates 0377-0386)................155

Exhibit 15   Savage Pension Calculation
             With History As Of
             December 17, 2012
             (Bates 0061-0073)................156

Exhibit 16   Savage Pension Calculation
             With History As Of
             May 29, 2013
             (Bates 0362-0375)................156
```

```
                                                      PAGE

Exhibit 17 Savage Pension Calculation
           With History As Of
           October 4, 2013
           (Bates 0376-0389)................156

Exhibit 18 FedEx Corporation
           Employees Pension Plan
           June 1, 2008
           (Bates 25-B-000001-
           25-B-000320)....................156




                                                      PAGE

COURT REPORTER'S CERTIFICATE.................184
```

1  A.  Prior to 2003, FedEx did calculations
2  inhouse using a previous calculation system
3  developed by Mercer but signed off on by FedEx.
4  Q.  Okay.  And do you know where they did
5  those calculations inhouse?
6  A.  In 2003?  I believe it would have
7  been in this complex (indicating).
8  Q.  Okay.  Is -- have you heard the term,
9  the "FedEx Retirement Services Center"?
10  A.  Yes.
11  Q.  Okay.  What is the FedEx Retirement
12  Services Center?
13  A.  That is the name for -- from 2003 to
14  2013, where Mercer was providing the
15  outsourcing services and -- through Deerfield
16  and Vernon Hills.
17  Q.  Okay.  Where, currently, are the
18  calculations being performed?
19  A.  By Aon Hewitt.  I'm sorry.
20  Q.  And when did Aon Hewitt take up the
21  responsibility of performing the calculations
22  for FedEx?
23  A.  January 1st, 2014.
24  Q.  And do you know why Aon Hewitt

1  Mercer didn't handle that part of it.  I
2  understand that, and you testified earlier
3  that, you know, you take the data they give
4  you.  For the purpose of this hypothetical, if
5  FedEx did not properly credit Mr. Savage's
6  imputed military earnings -- okay?
7       A.   Okay.
8       Q.   If that happened -- okay -- would
9  that affect his Portable Pension Account?
10      A.   If they had not provided the -- all
11 of the military-imputed income is what you're
12 asking?
13      Q.   Correct.
14      A.   Would that have impacted his Portable
15 Pension Account?
16      Q.   Correct.
17      A.   Yes.
18      Q.   I mean, you will agree with me that
19 they did not provide all of his imputed
20 military earnings, at least --
21      A.   They -- they originally did not
22 provide all of his military earnings, but his
23 calculation, as now revised in October 2013,
24 does include all military-imputed income and

```
 1    he -- since he was not paid his benefit prior
 2    to that time, again, he was not out any
 3    benefits from -- because the correction was
 4    made before he was paid his benefit.
 5         Q.   Okay.  Let me ask you this question.
 6    You testified repeatedly in this deposition
 7    that you had no data that could prove whether
 8    or not Mr. Savage's imputed military earnings
 9    were actually correct because that data was
10    given to you by FedEx.  Is that not correct?
11         A.   That is correct.
12         Q.   So, how can you sit here and testify
13    that you know that Mr. Savage's was given
14    all -- all -- all of his credits for his
15    imputed military earnings?  I just -- I -- I
16    really need to understand this.  How can you
17    sit here and testify to that under oath?
18              MR. REED:  Objection.  It misstates
19         prior testimony.
20         A.   I --
21         Q.   Well, hold on a second.
22              MR. NAPITONIA:  Please read back my
23         question, if you will -- it's two
24         questions before -- and read his answer
```

1   Q.  All right.  But then there's this YRB
2   that shows this formula and says, you know,
3   "Here's the formula, and if you apply this
4   formula, you should be able to -- you should be
5   able to calculate the retirement benefit,"
6   correct?
7           MR. ROSENFELD:  Object.
8   BY MR. NAPITONIA:
9       Q.  If it's applied correctly?
10          MR. ROSENFELD:  Objection.  The
11      document speaks for itself.
12      A.  Yes.
13      Q.  I mean, that's the purpose of it in
14  the YRB, right, as far as the formula goes?
15  That's why it's there and --
16      A.  The formula is there to show
17  participants how their benefits is calculated.
18      Q.  Okay.  So, if a participant applied
19  his or her data -- correct data -- to the
20  formula that's in the YRB, would that
21  individual be able to arrive at an accurate
22  retirement benefit?
23          MR. ROSENFELD:  Objection to form.
24      A.  If a participant understood the

1   formula correctly, understood the data
2   correctly and had the data correctly and had
3   the right skills to do that, they should be
4   able to calculate their benefit.
5       Q.  Okay.  I'm just -- what I'm getting
6   at is, it doesn't have to be an automated
7   system?  It doesn't have to be calculated by
8   BeneCalc, does it?
9       A.  Correct.
10      Q.  Okay.  And am I correct in the reason
11  it's calculated by BeneCalc is because there
12  are many, many calculations that have to be
13  done for FedEx?
14      A.  Correct.
15      Q.  Okay.  So, I mean, automation makes
16  things easier oftentimes, does it not?  It
17  streamlines the process?
18      A.  Correct.
19      Q.  Okay.
20          MR. ROSENFELD:  Could we go off the
21      record just for one second?
22          MR. NAPITONIA:  Yeah.
23          THE VIDEOGRAPHER:  Going off the
24      record.  The time is 2:29.

```
 1                    C E R T I F I C A T E

 2

 3    STATE OF TENNESSEE:

 4    COUNTY OF MADISON:

 5
                I, TAMMY W. WENDEL, LCR, and Notary
 6    Public, Madison County, Tennessee, CERTIFY:

 7              The foregoing proceedings were taken
      before me at the time and place stated in the
 8    foregoing styled cause with the appearances as
      noted.
 9
                Being a Court Reporter, I then
10    reported the proceeding in Stenotype, and the
      foregoing pages contain a true and correct
11    transcript of my said Stenotype notes then and
      there taken.
12
                I am not in the employ of and am not
13    related to any of the parties or their counsel,
      and I have no interest in the matter involved.
14
                I further certify that in order for
15    this document to be considered a true and
      correct copy, it must bear my original
16    signature and that any reproduction in whole or
      in part of this document is not authorized and
17    not to be considered authentic.  Unauthorized
      reproduction and/or transfer will be in
18    violation of Tennessee Code Annotated
      39-14-149, Theft of Services.
19
                Witness my signature this the _____
20    day of _____, 2015.

21                          _____
                                TAMMY W. WENDEL, LCR
22
      Notary Public at Large
23    For the State of Tennessee
      My Commission Expires:
24    February 24, 2016
```