IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

KENNETH E. SAVAGE,

    Plaintiff,

vs.                                                   No. 2:14-cv-2057-STA-dkv

FEDERAL EXPRESS CORPORATION, et al.,

    Defendants.

DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE
HEARSAY EVIDENCE AND TESTIMONY REGARDING COMPARATORS

I.     INTRODUCTION

In support of FedEx's Motion in Limine No. 1, FedEx attaches the following Exhibits:

Exhibit A –Excerpts from Plaintiff's Deposition testimony

Exhibit B –Excerpts from Joffre Disabatino's Deposition testimony

Pursuant to Federal Rules of Evidence 801(c), 802, 402, and 403 and the applicable case law, Defendants ("FedEx") submit this motion *in limine* moving the Court to issue an Order precluding Plaintiff, Plaintiff's counsel, and Joffre Disabatino from testifying about, arguing, or referencing alleged circumstances surrounding alleged comparators Pablo Melgar, Betty Parron, and Antoine Franklin. Plaintiff argues that these comparators are similarly-situated and were disciplined less harshly than Plaintiff. But, neither Plaintiff nor Disabatino have first-hand knowledge regarding the circumstances surrounding these comparators' alleged policy violations, their disciplinary histories, or whether they are within Plaintiff's protected military

1

class. Therefore, this evidence should be excluded because it is inadmissible hearsay. FedEx also moves the Court to issue an Order precluding Parron and Franklin from testifying before the jury because the inadmissible "evidence" Plaintiff submitted to the Court indicates that Parron and Franklin are not similarly-situated to Plaintiff. Because Plaintiff cannot establish the foundation that any of these comparators are similarly-situated to him, any testimony from them or regarding them would be irrelevant and confuse the jury.

## II. LEGAL ARGUMENT

"The Federal Rules of Evidence . . . and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures – including motions in limine – in order to narrow the issues remaining for trial and to minimize disruptions at trial." U.S. v. Brawner, 173 F.3d 966, 970 (6th Cir. 1999). Federal Rule of Evidence 801(c) defines hearsay as "a statement that the declarant does not make while testifying at the current trial or hearing; and a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Federal Rule of Evidence 802 provides that hearsay is not admissible. See Fed. R. Evid. 802.

### A. Evidence Pertaining To Plaintiff's Alleged Comparators Is Inadmissible.

Neither Plaintiff nor Disabatino can testify about what other individuals, including Melgar, allegedly told them, unless some exception to the rule against hearsay applies. See Baxter v. Officer Arthur Mallory, No. 10-2667, 2015 U.S. Dist. LEXIS 79027, *8-9 (W.D. Tenn. June 18, 2015).

Based on Plaintiff's Response in opposition to FedEx's motion for summary judgment, FedEx anticipates that Plaintiff will attempt to offer evidence at trial that Melgar, Parron, and Franklin did not serve in the military, violated FedEx's Reduced-rate shipping policy, and were

2

disciplined less harshly than Plaintiff. However, neither Plaintiff nor Disabatino has personal knowledge regarding these allegations. To the contrary, these allegations are based on nothing but inadmissible hearsay and should be excluded from the jury. Foster v. Spring Meadows Health Care Center, LLC, No. 3:11 C 01216, 2013 U.S. Dist. LEXIS 61642, *9 (M.D. Tenn. Apr. 29, 2013) ("The parties are also advised that we will not allow at trial any testimony that fails to comport fully with the Rules of Evidence, including those rules governing hearsay and personal knowledge.")

Furthermore, in order to proffer evidence of these comparators' alleged policy violations at trial, Plaintiff must first present admissible evidence to lay a foundation that they are similarly-situated to him and outside of his protected class. See Maneaux v. Denson, No. 6:13-CV-00033, 2014 U.S. Dist. LEXIS 40362, *4-5 (W.D. La. Mar. 25, 2014) ("In order to proffer such employees at trial, the plaintiff must present evidence that the proposed employee-comparator was similar to him in: (1) his job or responsibilities; (2) his supervisor or superior who made decisions regarding his employment status; (3) his violation history; and most importantly, (4) his conduct must be similar to that which lead to plaintiff's termination."); Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 352 (6th Cir. 1998). Again, Plaintiff's argument that the comparators are similarly-situated to him is based on nothing but inadmissible hearsay.

### 1. Testimony about Melgar from Plaintiff or Disabatino is inadmissible hearsay.

In Plaintiff's Response in opposition to summary judgment, he argues that Melgar is a similarly-situated comparator who was disciplined less harshly, and Plaintiff supports this argument by citing to his deposition and Disabatino's deposition. See Doc. 97 (pg. 15-17); Doc. 97-1 (¶43). Notably, Plaintiff has no testimony from Melgar because he chose not to depose him and has no Declaration from Melgar. Moreover, Melgar is not expected to testify at trial.

3

Melgar cannot be subpoenaed to testify at trial because, as Plaintiff acknowledged during his deposition, Melgar resides and is employed in Miami and outside the Court's subpoena power. See Fed. R. Civ. Proc. 45(c)(1). And, both Plaintiff and Disabatino testified that they have no first-hand knowledge regarding any of the allegations pertaining to Melgar. Plaintiff testified as follows regarding Melgar:

> Q. What do you know about Pablo Melgar?
>
> A. Pablo was actually - - *at the time had transferred to Miami.* He and I went to college together at Embry-Riddle while working at FedEx, and *I had heard that he had, you know, been in trouble with the shipping violation.* And I called him immediately after being suspended, and *he basically told me* that, you know, he had been terminated back in May of 2012 for a shipping violation - - shipping policy violation and GFTed it on the second time and got his job back. And *he basically told me* that his situation was he had an unauthorized use of his shipping benefit and that that is the violation he had.
>
> Q. Did he explain what kind of unauthorized use?
>
> A. Yes. *He told me* that he had let a girlfriend use his shipping account to ship some items, and that is what was called into question.
>
> Q. Any idea how many items he had shipped?
>
> A. It was several, but I don't think the quantity was the issue. I think it was the fact that he didn't - - he let somebody use his account. That was the issue.
>
> Q. Okay.
>
> A. *That is what he told me, and that is what FedEx had told him, I think.*
>
> Q. Was he in Miami at the time?
>
> A. Yes, sir.
>
> - - - - -
>
> Q. *So everything you know about Pablo Melgar is based on what he told you?*

4

    A.    *Yes, sir.*

Plaintiff's Deposition, 202:6 – 203:19. (emphasis added). This is the inadmissible deposition testimony to which Plaintiff cites in his Response in opposition to summary judgment to support his argument that Melgar is a similarly-situated comparator. See Doc. 97 (pg. 15-17); Doc. 97-1 (¶43). FedEx anticipates Plaintiff will attempt to make these same inadmissible hearsay statements to the jury. For the record, FedEx adamantly disputes that Melgar is a similarly-situated comparator who was disciplined less harshly than Plaintiff for a similar offense.

Similarly, Disabatino testified that everything he knows about Melgar is nothing but hearsay. Disabatino testified as follows:

> Q. Do you remember any other FedEx employees being disciplined, to include termination, for violating the Reduced Rate Shipping Policy at FedEx in the entire time that you've been employed there?
>
> A. Yes.
>
> Q. Who do you recall being disciplined?
>
> A. Pablo Melgar. I think that's how you say his last name.
>
> Q. Okay. Who else?
>
> A. That's it.
>
> Q. What was the issue with Pablo Melgar?
>
> A. *I - - I can't answer that. I'm not - -*
>
> Q. *You don't know the specifics?*
>
> A. *I would not speculate on the specifics with him or anybody.*
>
> Q. I don't want you to speculate. *Tell me what you recall hearing.* I'm not asking you to speculate, just what - - you know, *talk over the water cooler in the shop.* What do you recall people saying about Pablo and the Reduced Rate Shipping Policy?

5

A.  I'm not so sure I'd like to discuss that. I don't have - - obviously, I - - I don't know if I - - do I have to answer that?

- - - - -

A.  *Over the water cooler, I might have heard* that Pablo's girlfriend shipped a package internationally.

- - - - -

Q.  One quick follow up question, Mr. Disabatino. Plaintiff's counsel asked you some questions about the termination and reinstatement of Pablo Melgar. Do you remember him asking you those questions?

A.  Yes.

Q.  *And I believe you stated that the information you gave that was, I think what you called or referred to as just water-cooler talk; is that right?*

A.  *That's correct.*

Q.  *Were you involved in the investigation of Pablo Melgar's supposed shipping violation?*

A.  *No.*

Q.  *Were you involved in his GFT?*

A.  *No.*

Q.  *Were you involved in the decision to terminate or reinstate his employment?*

A.  *No.*

Disabatino Deposition, 33:14 – 34:23, 45:20 – 46:15. (emphasis added). This is the other inadmissible deposition testimony to which Plaintiff cites to support his argument that Melgar is a similarly-situated comparator who was disciplined less harshly. See Doc. 97 (pg. 15-17); Doc. 97-1 (¶43).

### 2. Evidence pertaining to Melgar is inadmissible because Melgar is not similarly-situated to Plaintiff.

Plaintiff proffers no admissible evidence of Melgar's alleged policy violation or any resulting investigation or discipline. And, even in Plaintiff's deposition testimony, he testified

6

that he heard that Melgar was disciplined for letting his girlfriend use his employee shipping discount. This is *not* the misconduct for which FedEx terminated Plaintiff. FedEx terminated Plaintiff because he admitted that (1) he and his wife repeatedly sold merchandise to consumers and used his employee shipping discount to send the consumers the merchandise, and (2) his wife bought merchandise off of EBay to re-sale it for revenue, replenished it, re-sold it to consumers, and shipped it to them using Plaintiff's employee shipping discount. Even if Plaintiff had admissible evidence to support his allegations regarding Melgar, testimony regarding Melgar should still be excluded because Melgar is not similarly-situated to Plaintiff because they did not engage in similar misconduct.

Because Plaintiff proffers no admissible evidence that Melgar is similarly-situated to him or outside his protected class, the Court should not allow any testimony or argument regarding Melgar. See Foster, 2013 U.S. Dist. LEXIS at *4-5 ("[Plaintiff] has yet to introduce any admissible evidence on this issue [of similarly-situated comparators] to date. The record does not describe in any reliable manner the circumstances of the [comparator's] alleged incident, the investigation and response, [the comparator's] employment history, or other factors that may have contributed to [the defendant's] handling of the situation. . . . The jury thus need not assess the circumstances or severity of [the comparator's] alleged conduct or question the apparent lack of punishment."); Maneaux, 2014 U.S. Dist. LEXIS at *8-9 ("[P]laintiff's assertions related to the original seven employee-witnesses are based solely on hearsay . . . . [T]he Court finds that plaintiff has not met the 'similarly situated' standard . . . and any such testimony from the remaining proposed comparators is irrelevant and would merely confuse the jury.")

    **3. Evidence Regarding Franklin And Parron Should Be Excluded Because Plaintiff Cannot Establish The Foundation That They Are Similarly-Situated Comparators.**

7

Likewise, Plaintiff has no admissible evidence to support his argument that Franklin and Parron were similarly-situated comparators outside of his protected class who were disciplined less harshly. Plaintiff cites to no deposition testimony in his Response in opposition to summary judgment regarding these comparators, and again, has no testimony or declaration from either Franklin or Parron. Instead, Plaintiff cites only to free-standing disciplinary letters that were purportedly issued to Franklin and Parron. See Doc. 99-15 and Doc. 99-16. Irrespective of the fact that these letters, unaccompanied by a declaration or deposition testimony, are inadmissible hearsay; the letters do not establish that Franklin and Parron are similarly-situated to Plaintiff. In fact, the letters reflect just the opposite; they reflect that Franklin and Parron had different management chains than Plaintiff. See id. For instance, the letter to Franklin purports that Jeanna Neely and Rick Garrett were Franklin's managers who issued him discipline. See Doc. 99-15. And, the letter to Parron purports that William Ramey was Parron's manager who issued him discipline. See Doc. 99-16.

In contrast, Plaintiff had a completely different management chain than Franklin or Parron. See Plaintiff's Depo. 60:21 – 61:5; 74:15 – 75:17. Plaintiff's direct managers throughout his employment at FedEx were Bill Sallas, Dana Jones, and Troy Turnipseed. See id. Plaintiff testified that his Senior Manager was Mike Anello, his Managing Director was Maureen Patton, and his Vice Presidents were Scott Ogden and Greg Hall. See id. As the letters reflect, none of these individuals issued or were copied on the free-standing disciplinary letters to Franklin and Parron. See Doc. 99-15 and Doc. 99-16. Therefore, evidence regarding Franklin and Parron should not be presented to the jury because they are not similarly-situated to Plaintiff due to their different management chains, and thus are irrelevant and unfairly prejudicial.

## III. CONCLUSION

For the foregoing reasons, FedEx requests that the Court preclude the following evidence: (1) testimony from Plaintiff and Disabatino regarding the comparators, (2) testimony from or about Franklin and Parron, (3) disciplinary letters purportedly issued to Franklin, Parron, and Melgar, (4) argument from Plaintiff's counsel regarding the comparators.

## CERTIFICATE OF CONSULTATION

FedEx's counsel affirms that, after consultation between the parties by telephone and email on October 8, 2015 and again by telephone on October 9, the parties are unable to reach an accord as to the issues raised in Defendants' Motion in Limine No. 1 to exclude hearsay evidence and testimony regarding Pablo Melgar. The attorneys who participated in the consultation were J.B. Reafsnyder (Defendants' counsel) and Joseph Napiltonia (Plaintiff's counsel).

Respectfully submitted,

FEDERAL EXPRESS CORPORATION

s/ Terrence O. Reed
Terrence O. Reed (TN Bar #20952)
Joseph B. Reafsynder (TN Bar #27482)
Thomas W. Murrey, Jr. (TN Bar #11623)
3620 Hacks Cross Road - Bldg. B, 3rd Floor
Memphis, Tennessee 38125
(901) 434-8803 Phone
(901) 434-4523 Fax
terrence.reed@fedex.com
joseph.reafsnyder@fedex.com
twmurrey@fedex.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that I have this 13th day of October, 2015 filed the foregoing Defendants' Motion *in Limine* No. 1 to exclude hearsay evidence and testimony regarding Pablo Melgar with the Clerk of Court via the Court's CM/ECF system, which will send an electronic service copy to the following:

>Joseph A. Napiltonia, Esq.
>219 Third Avenue North
>Franklin, Tennessee 37064
>Telephone: (615) 734-1199
>Facsimile: (615) 534-4141
>joenap@navyseallawyer.com

>s/ Terrence O. Reed
>Terrence O. Reed