IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

KENNETH E. SAVAGE,

    Plaintiff,

vs.                                                               No. 2:14-cv-2057-STA-dkv

FEDERAL EXPRESS CORPORATION, et al.,

    Defendants.

## DEFENDANTS' MOTION *IN LIMINE* NO. 3
## TO EXCLUDE EVIDENCE OF TROY TURNIPSEED'S ALLEGED STRAY REMARK

### I. INTRODUCTION

In support of FedEx's Motion *in Limine* No. 3, FedEx attaches the following Exhibits:

Exhibit A – Excerpts from Plaintiff's Deposition testimony

Exhibit B – Excerpts from Troy Turnipseed's Deposition testimony

Exhibit C – Declaration of Matt Wickens

Pursuant to Federal Rules of Evidence 402 and 403 and the applicable case law, Defendants ("FedEx") submit this motion *in limine* moving the Court to issue an Order precluding testimony, evidence, and argument pertaining to a stray remark allegedly made by Troy Turnipseed. Plaintiff argues that his termination was motivated by discriminatory animus toward employees serving in the military because of an isolated, stray remark allegedly made by Turnipseed a year before Plaintiff's termination. (Doc. 97, pg. 12 - 13). Testimony, evidence,

and argument regarding Turnipseed's alleged remark should be excluded because it is a stray remark that is irrelevant and unfairly prejudicial.

## II.  LEGAL ARGUMENT

"The Federal Rules of Evidence . . . and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures – including motions in limine – in order to narrow the issues remaining for trial and to minimize disruptions at trial." U.S. v. Brawner, 173 F.3d 966, 970 (6th Cir. 1999).

### A. Evidence, Testimony, And Argument Pertaining To Troy Turnipseed's Alleged Stray Remark Is Inadmissible.

Based on Plaintiff's Response in opposition to FedEx's motion for summary judgment and the parties' meet and confer session prior to this motion, FedEx anticipates that Plaintiff will attempt to offer evidence at trial that, in September 2011, Troy Turnipseed allegedly said that Plaintiff's military service was an inconvenience, while Turnipseed was assisting Plaintiff and allowing him to fly on a FedEx cargo plane to return from military duty. (Doc. 97, pg. 12-13). This is the only anti-military remark Plaintiff alleges Turnipseed ever said, and ironically, it was in the context of Turnipseed trying to assist Plaintiff in performing his military duty. See Plaintiff's Depo., 153:17 – 154:6. This is a classic example of the adage – *No good deed goes unpunished.*

Plaintiff testified as follows regarding Turnipseed's alleged remark:

Q. Now, in Paragraph 17, you also say that, when you sought out Turnipseed for his assistance, he said that your military commitments were an inconvenience.

A. Well, at this same time - - this is kind of a long story.

Q. Well, before you get into it, let me just ask you: Are you saying that is exactly what he said to you? You have got it in quotes. So - -

A. Yes.

Q. He looked at you and said, "Your military commitments were an inconvenience"?

A. Yes, sir.

Q. Okay. Tell us the long story.

A. While I was gone from FedEx doing my military duty, for some reason, Troy Turnipseed, my manager, did not document my military leave of absence correctly. And what that ended up doing was, when I got back from this three-month leave of absence in August, I went down to my drill site in September. I used jumpseat.

- - - - -

Q. I just wanted to clarify that. Go ahead.

A. So I used jumpseat to go to my drill site. And I was there, I believe it was, from Thursday until Monday because I always took the Monday night flight back to Memphis. And when I got to the FedEx outstation, my ID card didn't work. They didn't have me listed in jumpseat. So I immediately called my manager Troy Turnipseed and said, "Hey, what is going on?" And he put me on hold and came back and said, "Well, I just recently, within the last week or so, sent all of your dates over to payroll for your military leave of absence. And I guess they have messed it up." And he said, "Let me call you back." So when he called me back about 30 minutes later - - I mean, I was supposed to be at jumpseat two hours prior to the flight. *And, he corrected the problem in the computer.* And he said, at that point in time - - he said, "This military service is really a nuisance or an inconvenience because this is just really messed up." That is what he told me.

- - - - -

Q. Okay. He only said it was an inconvenience one time. Is that right?

A. Yes, sir.

Q. Okay. And when was that?

A. *It was in September of 2011 when we were trying to get my jumpseat straightened out.*

Q. Okay. I am sorry. Tell me again. Where were you jumpseating from?

3

A. From New Orleans to Memphis.

Q. Had you jumpseated going down there?

A. Yes.

Q. Okay. So you jumpseated going down there with no trouble.

A. Correct.

Q. And you were jumpseating - - jumpseating back home.

A. Yes.

Q. When you got to jumpseat administration your badge wouldn't work.

A. Yes.

Q. You called Troy.

A. Yes.

Q. Troy made his comment that there was - - there was an "inconvenience." Right?

A. *After helping me* through the - - he put me on hold and all of these other things, and that is when he made the comment. Yes.

Q. This was a big indifference or something.

A. Yes.

Q. ***But he got your jumpseat reinstated. Right?***

A. ***Yes.***

Q. ***Did you make your flight?***

A. ***Yes.***

Plaintiff's Depo., 148:4 – 25, 149:14 – 150:14, 151:21 – 153:4. (emphasis added).

It is important to note the context of Turnipseed's alleged remark. When Plaintiff alleges Turnipseed made the remark, Turnipseed was helping Plaintiff "jumpseat." "Jumpseating" is a

4

term used to reference an employee flying on a FedEx cargo plane. See Plaintiff's Depo., 40:6 – 22, 284:24 – 285:13. Jumpseating is an employee privilege; it is *not* a right. FedEx typically only allows employees to jumpseat for business purposes, but Turnipseed allowed Plaintiff to consistently jumpseat to accommodate Plaintiff's military service, which was not a business purpose. Plaintiff testified that Turnipseed's alleged remark pertained only to this one jumpseating incident. See Plaintiff's Depo., 163:8 – 18. It did not have any relation to Plaintiff's termination. See id. Moreover, Plaintiff does not allege that Turnipseed made any other anti-military remark. Plaintiff alleges that this was simply an isolated comment. Plaintiff testified as follows:

> Q. Okay. After this, in September of 2011, did Troy ever say anything else about your military service being an inconvenience?
>
> A. No.
>
> Q. Did he ever make any other kind of comment that you would consider derogatory towards the military?
>
> A. I don't recall.
>
> Q. Okay. All you remember is this one. Right?
>
> A. Yes.
>
> Q. Do you think, if he had said anything else derogatory about the military, you would have remembered it?
>
> A. I'm sure I would have.

Plaintiff's Depo., 153:17 – 154:6.

"Stray remarks are not admissible to show discriminatory intent." Crommie v. State of California, No. C 89-4433, 1993 U.S. Dist. LEXIS 1495, *18 (N.D. Cal. Feb. 9, 1993). The touchstones for admissibility of otherwise stray remarks are (1) whether the alleged remarks were made by a decision-maker or the decision-maker's agent, (2) whether they were related to

5

the decision-making process, (3) whether they were vague, ambiguous or isolated and (4) whether they were made close in time to the adverse employment decision. See Cooley v. Carmike Cinemas, Inc., 25 F.3d 1325, 1330 (6th Cir. 1994). Turnipseed's alleged remark does not implicate any of these touchstones.

First, Turnipseed was not a decision-maker with regards to Plaintiff's termination. He was not involved in FedEx Security's investigation of Plaintiff's misuse of his employee shipping discount privileges (which was the policy violation that led to his termination), and he was not involved in the decision to terminate Plaintiff's employment. See Turnipseed Depo., 9:8 – 10:20, 11:20 – 12:14. Matt Wickens was the Operations Manager who was involved in the decision to terminate Plaintiff's employment, not Turnipseed. See Wickens Declaration, ¶ 3. Plaintiff merely speculates that Turnipseed was involved in his termination, but Plaintiff does not have first or second-hand knowledge to support this allegation. Regarding this issue, Plaintiff testified as follows:

> Q. Okay. Well, do you think Troy Turnipseed played a role in your termination?
>
> A. Well, his name was on all the paperwork.
>
> Q. I understand that, but my question is: Do you think he played any role in it?
>
> A. I don't know.

See Plaintiff's Depo., 216:18 – 23.

Second, Turnipseed's alleged comment has no causal nexus to Plaintiff's termination. See Plaintiff's Depo., 163:8 – 18. There is no indication that any FedEx decision-maker heard Turnipseed's alleged 2011 comment or considered it when deciding to terminate Plaintiff for violation of FedEx's Reduced-rate shipping policy. Furthermore, there is no indication that Turnipseed influenced the decision to terminate Plaintiff's employment. Plaintiff has the burden

of demonstrating that Turnipseed's alleged remark is related to Plaintiff's termination, and Plaintiff has failed to meet this burden. See Schreiber v. Worldco, LLC, 324 F. Supp. 2d 512, 518-19 (S.D.N.Y. 2004) ("Verbal comments constitute evidence of discriminatory motivation ***when a plaintiff demonstrates that a nexus exists*** between the allegedly discriminatory statements and a defendant's decision to discharge the plaintiff.") (emphasis added).

Turnipseed's alleged comment was confined strictly to the 2011 jumpseating incident. Therefore, it does not evidence that Plaintiff's termination was motivated by discriminatory animus. See Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1438 (9th Cir. 1990) ("[S]tatements unconnected to the employment decisionmaking process are simply stray remarks that do not demonstrate discriminatory intent."); Jones v. United Parcel Service, No. 06-2143, 2008 U.S. Dist. LEXIS 24772, *3 (D. Kan. Mar. 27, 2008) ("To show discriminatory animus based on discriminatory statements, ***plaintiff must show*** . . . a nexus between the statements and adverse employment action.") (emphasis added); Gage v. Metropolitan Water Reclamation District of Greater Chicago, 365 F. Supp. 2d 919, 930 (N.D. Ill. 2005) ("The standard for evaluating such stray remarks is that there be some nexus between this type of stray remark and the challenged employment decision."); Rush v. Virginia Dept. of Trans., 208 F. Supp. 2d 624, 627 (W.D. Va. 2002) ("[S]tatements unconnected to the employment decisionmaking process are simply stray remarks that do not demonstrate discriminatory intent."); Janes v. Chicago Board of Educ., No. 00 C 6128, 2002 U.S. Dist. LEXIS 21790, *6 (N.D. Ill. Nov. 12, 2002) ("Such comments or remarks must be . . . causally related to the discharge decision making process.")

Even if Turnipseed had been the person who decided to terminate Plaintiff, this stray remark should still be excluded. If this Court were to allow any and all discriminatory statements to come into evidence, it would allow a juror to find FedEx liable not for racial

animus in making the decision to terminate Plaintiff, but rather because of an employee or manager's bigoted remarks. But as the Seventh Circuit Court of Appeals noted:

> bigotry, per se, is not actionable. It is actionable only if it results in injury to a plaintiff; there must be a real link between the bigotry and an adverse employment action.

Adams v. Wal-Mart Stores, 324 F.3d 935, 939 (7th Cir. 2003).

Third, considered in context, Turnipseed's alleged comment does not reflect anti-military animus. It merely reflects Turnipseed's frustration during a time-sensitive moment when he was trying to do Plaintiff a favor by allowing him to fly back from military duty on a FedEx cargo plane. This alleged statement was a one-time utterance that does not reflect a pervasive anti-military culture at FedEx, as Plaintiff portrays.

And Fourth, Turnipseed's alleged comment was not made close in time to Plaintiff's termination. The alleged comment was made one year before Plaintiff's termination on September 20, 2012. See Plaintiff's Depo., 247:9 – 12. Therefore, there is no causal nexus between the alleged remark and Plaintiff's termination. See Knox v. The First National Bank of Chicago, No. 93 C 2005, 1996 U.S. Dist. LEXIS 5100, *12-13 (N.D. Ill. Apr. 18, 1996) ("This court has previously determined that the nexus requirement is satisfied when the probative value of the comment outweighs any possible unfair prejudice that the statement may cause. Stated differently, is the statement or remark of the decision maker so remote in time or ambiguous that its probative value is de minimus?"); Castro v. City of New York, No. 06-CV-2253, 2009 U.S. Dist. LEXIS 69723, *8 (E.D.N.Y. Aug. 10, 2009) ("Stray comments are not evidence of discrimination if they are not temporally linked to an adverse employment action. . . .")

Courts consistently find that comments made at least a year before the employment action at issue are not close enough in time to be probative of discriminatory intent. See, e.g.,

8

Greenfield v. Sears, Roebuck and Co., No. 04-71086, 2006 U.S. Dist. LEXIS 74299, *24-25 (E.D. Mich. Oct. 12, 2006) (finding that statements were not related to decision-making process because there were made six months before employment decision); Nemeth v. Citizens Financial Group, No. 08-cv-15326, 2012 U.S. Dist. LEXIS 112936, *17 (E.D. Mich. Aug. 10, 2012) (finding remark not related to decision to terminate the plaintiff because "[t]he alleged remark was made nearly a year before Plaintiff was terminated.")

Courts routinely exclude evidence at trial of stray remarks like the remark Turnipseed allegedly made. See Greenfield, 2006 U.S. Dist. LEXIS at *28 (excluding comments as stray remarks based on the finding that - "the comments were made by the decisionmakers, though the comments were not related to the adverse employment action. The comments were ambiguous and isolated . . . . Neither comment, on their face, strongly suggest that [the decision-maker] harbors a bias against older workers.)

### III.   CONCLUSION

For the foregoing reasons, FedEx requests that the Court preclude all testimony, evidence, and argument pertaining to the stray remark allegedly made by Troy Turnipseed.

### CERTIFICATE OF CONSULTATION

FedEx's counsel affirms that, after consultation between the parties by telephone and email on October 8, 2015 and again by telephone on October 9, the parties are unable to reach an accord as to the issues raised in Defendants' Motion *in Limine* No. 3 to exclude evidence of Troy Turnipseed's alleged stray remark. The attorneys who participated in the consultation were J.B. Reafsnyder (Defendants' counsel) and Joseph Napiltonia (Plaintiff's counsel).

Respectfully submitted,

9

FEDERAL EXPRESS CORPORATION

s/ Terrence O. Reed
Terrence O. Reed (TN Bar #20952)
Joseph B. Reafsynder (TN Bar #27482)
Thomas W. Murrey, Jr. (TN Bar #11623)
3620 Hacks Cross Road - Bldg. B, 3rd Floor
Memphis, Tennessee 38125
(901) 434-8803 Phone
(901) 434-4523 Fax
terrence.reed@fedex.com
joseph.reafsnyder@fedex.com
twmurrey@fedex.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 15th day of October, 2015 filed the foregoing Defendants' Motion *in Limine* No. 3 to exclude evidence of Troy Turnipseed's alleged stray remark with the Clerk of Court via the Court's CM/ECF system, which will send an electronic service copy to the following:

Joseph A. Napiltonia, Esq.
219 Third Avenue North
Franklin, Tennessee 37064
Telephone: (615) 734-1199
Facsimile: (615) 534-4141
joenap@navyseallawyer.com

s/ Terrence O. Reed
Terrence O. Reed

10